Deaderick, J.,
delivered the opinion of the Court.
In December, 1867, Chester instituted an action of ejectment in the Obion County Law Court against Jos. Corden and Jas. Glasscock, to recover a tract of land' of which they were in possession. A writ and a copy of the declaration were issued, and served upon the defendants, — the writ being returnable to the February term, 1868, of the court.
*35 No action was taken during the succeeding May term; but at the following September term, the defendants having failed to appear and plead, judgment by default was taken, and a writ of possession awarded, which was issued, executed, and returned to the February term, 1869.
At the May term, the defendants appeared and 'moved the court to set aside the judgment by default, reinstate the cause, and permit them to enter their plea and make defense.
This motion was denied by the court. At the same term (May, 1869), on a subsequent day, the record shows that the Hillmans and Hansbro presented their affidavits, and made application to set aside the judgment by default, which motion being overruled, they excepted to the action of the court and tendered their bill of exceptions, making their affidavits a part of the record.
The affidavits state that the affiants are the owners in fee of the land sued for, and that the tenants in possession held from and under them, and failed to notify them that they had been sued in the action of ejectment.
No further steps were taken in the ejectment suit. No appeal was prayed or writ of error applied for. Abandoning any further defense in the action of ejectment, to which Corden and Glascock alone were defendants, the Hillmans and Hansbro, on May 14, 1869, filed their petition for a writ of error coram nobis.
In the case of Cown v. Whiteside, 6 Hum., 47, it was held a proper exercise of discretion in the Circuit *36 Judge, where the tenant in possession had neglected to defend, to set aside the judgment by default in an action of ejectment after the expiration of the term, and to allow the cause to be reinstated, with leave to the landlord to make defense. But whether it would have been proper to grant the leave in the present case, or whether there .should be a reversal now for the refusal to grant it, need not be determined, as the case is not before us for the correction of any error of law in the court below.
The action was properly brought against the actual occupants of the land, and the judgment is, until reversed, conclusive against them.
The writ of error coram nobis, is confined, as a remedy to errors of fact, and does not reach errors of law.
The defendant, after the assignment of errors, entered a motion to dismiss the petition, which was overruled : a demurrer which was put in was also overruled; and issue having been taken on the assignment of errors, the case was submitted to a jury, who rendered a verdict in favor of the defendant, from which, and the judgment thereon, the plaintiffs appealed to this court. .
The first and second errors assigned are, that Chester had no legal title to the • land, and that the plaintiffs had. These facts were directly passed upon by the judgment, and cannot be again inquired into. Code, section 3116.
The remaining errors are, in substance, that the plaintiffs had no notice of pendency of the suit. But, *37 as before stated, the suit was properly brought — Code, section 3231, requiring it to be brought against the actual occupant of the land, if any; and if no such occupant, then against any one claiming an interest therein. So that the suit could not properly have been brought against the plaintiffs, who were not on the land, which was in th.e actual occupation of others, who were duly notified, and could have made defense, and against whom the judgment was properly rendered. As against them, no error of fact appears. The judgment is valid; and if they were before the court, seeking to set aside the judgment, there does not appear any error of fact upon which such an application could be granted. Nor can we, in this proceeding, at the instance of the plaintiffs, who were not parties to the action of ejectment, allow the case to be reinstated upon the docket, and make them defendants in the place of those who were the defendants in that ■case.
Upon the record of that case, there is no error; nor do the errors assigned entitle the plaintiffs in this •proceeding to have that judgment revoked and annulled.
Such a judgment, however, is conclusive in its effect only upon the party against whom it was recovered (not under disability) and all persons claiming under him by title accruing after the commencement of the suit. Code, section 3252; Holes v. Smith, 5 ■Sneed, 105.
The judgment of the circuit court will be affirmed.